Numb in hand Uppermost Power Can upper arm lift as the hand gets to the chest or the shoulder?  Can right arm or left arm raise? The United States Court of Appeals for the Ninth Circuit is now in session. Good morning, ladies and gentlemen. Please be seated. We are here to have oral argument in the in-banker hearing, United States v. Snellenberger. Judge Gould is appearing by video. How are you, Judge Gould? I'm fine, thank you. Is the weather in Seattle continuing to be of L.A. nature, as we have been? It's bright and sunny. No silver skies today. You know, we're going to have to have video with you every day because I think we transmit it, we channel it. Anyway, good to see you, sir. Counsel, ready? Thank you. May it please the Court, there are three independent and distinct reasons why Mr. Snellenberger should not be found to be a career offender on the facts of this case. The first is that even if this Court were to consider the minute order as a document that can be looked to for determining whether it's a crime of violence under 4B1, this minute order does not prove what facts the defendant admitted, adopted, or assented to. Secondly, the Court should not look to a California minute order or, for that matter, an abstract of judgment when doing an evaluation under Shepard to determine whether an overbroad statute under which there's been a conviction qualifies under Taylor and Shepard. And finally, burglary under California law is missing an element of the offense and does not have the unlawful or unprivileged entry requirement, which is essentially the modern stepchild of the breaking requirement at common law. A jury is not required to find that in California. So let me just make sure I understand what that means in practical terms. If somebody comes onto your property, I mean, let's say somebody comes, you have a business, and somebody comes to your property with the intent of shoplifting, that would be a burglary? Yes. Even though it's a shop or a store that's open to the public? Yes, at least since 1862 or 1872 in California. Or if you give a party and invite your friends, and one of your friends has always admired your stamp collection and decides this is a good time to lift it off the shelf and walk away with it, that would be a burglar in California, even though the person was invited to the party. I mean, I guess the caveat is it still needs to meet the requirement that you had the intent at the time you entered. I understand that. That's why I was saying they go in and they plan ahead of time, and one could prove that. I'm just talking about whereas under generic definition, both of those situations could not count as burglaries, even though the person formed, even though the shoplifter formed the intent to shoplift before entering the store, or even though the house guest formed the intent to steal your stamp collection before crossing the threshold. Yes, California law is that broad. In your view, is the unlawfulness an element? It's what we call an element. Yes. Okay. If Lady Justice is so blind here that we cannot see anything, isn't this at heart the quintessential common law burglary, the entry under cover of darkness of an occupied dwelling for purposes of committing a theft? Well, first of all, we don't need it under cover of darkness. It wasn't a common law. That was the crime of burglary, was it not? It was the breaking and the entering at night of a dwelling. Of a dwelling. So we did have those four separate aspects. And if somehow we could look at what really happened here, isn't that what your client was accused of? I mean, we're not talking about entry during the daylight of a commercial business with the intent to commit a larceny inside. No, but if we were going to lift the cover, what it appears from the records we do have, which would be appropriate for a court to consider post the guidelines analysis, once we get to the Booker analysis, it appears he entered a carport, which is not required under California law to be a building with four sides. It can be as open as there is one wall. Could he have introduced evidence in his defense that it was daylight if he had gone? He pleaded or he went to trial? In this case, the 1991 burglary conviction was a plea of nullo contender, Your Honor. But if he had gone to trial and got to his side and he said, I'm not going to stand here, I'm going to get on the stand, and I'm going to testify that this was high noon, would that likely have been admitted as evidence? I don't think it would have been relevant to the elements of burglary under California law. And he said, I just wanted to talk about it anyway. What would the judge have said? I guess it depends on the judge, Your Honor. I noticed you started talking about the Minotaur. I was a little surprised because my understanding is that your position is that we never even get there because of Navarro-Lopez. Did I misunderstand? I guess I'm trying to cover all possible bases, even if this court were to look at abstracts of judgments and Minotaur as urged by the government. On the theory that it's part of the broader. So you went in reverse order of importance. I did, Your Honor. I am having trouble spotting the Shepard difficulty. The Shepard case tells us we can look at the charging documents, transcripts, terms of plea agreement, and comparable judicial records. I look at excerpt of record 53 and 54 and 55, or 56 I meant, and I know from 56 that he pleaded no loathe to count one. And then I read count one and it says, first degree residential burglary did unlawfully enter an inhabited dwelling house and trailer coach with the intent to commit larceny and any felony. And I think what you're telling me is I can't look at page 56. No, Your Honor. I'm saying even if you look at page 56, even if we get to that point, a no loathe plea in California doesn't admit any elements. True. You're allowed to plead to something slightly different than what was in the information. True. And in order for it to be generic burglary, you need two things we now don't know. One, that it be an unprivileged, surreptitious style entry. The fact that it doesn't admit it is only the first shoe. The other shoe to drop is you get convicted anyway. Usually you use a no loathe when it's drunk driving and you had an accident so that liability and damages in the accident can stay open in the civil case. I guess no loathe for criminal, some people use it because the criminal just doesn't want to say I did it. Otherwise I can't see the purpose because the criminal consequence is identical. It's a conviction. And it's a conviction for what he was charged with. And what he pleaded to was count one of the information. Well, as a criminal defense attorney, a career criminal defense attorney, I can think of a really good reason to use a no loathe plea. It's because my client, although he is willing to take the consequences of his plea, is not willing to make a factual basis even because he can't. True, but this is one of the consequences. I think that that's where we run into the shepherd problem. Why not? Why isn't it one of the consequences of a criminal conviction that it enhances a later criminal conviction? Well, if it were a crime of violence categorically, I think that is the consequence. If it's a categorical crime of violence, the fact that you pled guilty. If all the information said was residential burglary in violation of 1192.7C18, then your argument would seem quite compelling to me. But it doesn't. It says he pleaded no loathe, and then it gives these details, which do make it generic burglary. Your Honor, I beg to disagree. First of all, we don't know if it's the type of carport, for example, that would not qualify as a building or structure under Taylor. It doesn't say carport here. It says an inhabited dwelling house and trailer coach. And California law allows that to be a carport. Yeah, but it doesn't say it's a carport. It says he, I think it means he went into somebody's trailer when he did the burglary. And California law also allows it to be a tent. I mean, so if we're looking at. . . Yeah, but it doesn't say tent. And shepherd says we can look at the information. That's the charging document. We can look at the information if it narrows an overbroad statute. But it does. It doesn't say tent. It doesn't say carport. It says it does narrow it to an inhabited dwelling house and trailer coach. Well, and I would say, Your Honor, that it gives you the three choices that are in the statute, and so it narrows it not at all because it's just parroting the language of the statute. Now, if it said something more specific. . . It does say something more specific even than what has been quoted to you so far. After saying trailer coach, it says inhabited portion of a building occupied by Peter McPherson. So it is even more specific that it is a place where a person can occupy it, and they name the person and not his car. So why isn't that specific enough? Well, in a case where there's a NOLO plea, we cannot make the logical jump from that was the language of the information to he admitted, adopted, or assented to all of those facts. You're relying really on the fact that it was a NOLO plea rather than a guilty plea? Well, even if it said that he pled guilty, Your Honor, you then have to assume that we can make the logical inference that the guilty plea does somehow admit everything that is said in the information. And I am not sure, although there is case law in this Court that suggests that, I'm not sure that that's correct under Shepard. Shepard is a very narrow construction in order to accommodate concerns by the four members of the Court who are on the majority opinion that we not run afoul of the Sixth Amendment in terms of expanding beyond what we know conclusively from these documents to what maybe we can infer or guess from the documents. We don't have to guess from the language of the charging document that Judge Graber just read to you, do we? The language could not be more clear. An inhabited dwelling occupied by Mr. McPherson. That's what your client entered. There's no mystery. Which can be many things under California law. An inhabited dwelling can be many things. It can be a tent, as pointed out in the supplemental briefing. And for us to make that jump is exactly the jump that this Court did not make in Lee v. Ashcroft in the majority decision. But you're arguing that even under Shepard, which specifically listed a charging document as a document that we may take notice of, that we can't rely on the words that are written in the charging document. That doesn't make any sense. Well, the example, I believe, in Shepard had to do with, you know, building v. vehicle. And so if you can commit burglary either by going into an actual tailor-style building or structure or by going into an unlocked, window-open vehicle, if the charging document said, you know, not in California, because we have the unlawful or unprivileged problem, but in some other state where we don't have that problem in addition. I'd like to return to Chief Judge Kaczynski's point, which is to say that California burglary doesn't require anything beyond entry with an intent to commit a crime later. And it's burglary under California law even if the entry is invited or privileged, such as the guest to the party or someone coming into the store. Well, that seems to me, I think the Fifth Circuit got it right when the Fifth Circuit says that's not generic burglary. But I then went into the next problem where the government actually spends most of its time, which is the James problem. That is to say, I think the government has effectively conceded that this is not burglary under California law, and burglary wasn't charged in the indictment under California law because it doesn't charge unprivileged entry, which is, of course, not necessary to charge. Rather, the government argues in the residual or catch-all clause that was at issue in James that the conduct in the conviction court otherwise involves conducts that presents a serious potential risk of physical injury to another. How do you get around James? Two ways, Your Honor. One is the gate. James, if James stood alone, it would be more difficult for me. I'll admit that. But James does not stand alone. And what James essentially does is find that an attempted burglary in Florida where the courts had narrowed the application of the statute to something that the court deemed would be generically a burglary under Taylor, under both the closeness to entry of the dwelling and under how close you have to be to the dwelling, that that risk was the same. In the 4B1 context, we already have attempts included. So we wouldn't have had this issue come up in a career offender case because they already say attempts, conspiracy, aiding and abetting is going to be included. And the second thing is we really are comparing, if we look at California versus Taylor generic burglary, we're comparing apples and oranges. Let me ask you this. The statute at issue in James, which is a Florida burglary statute, includes in the statute that it be an unprivileged entry. That is to say, in Florida law, it's not burglary if you are licensed to come in or if you're invited to come in. The court then analyzes, okay, if it were burglary, there's no question what it qualifies and if they needed to get to the residuary clause, they would. It's a risk of violence. But attempted burglary in Florida, their scenario as to why there's a risk is that this is an unprivileged entry. And there's a risk then of someone coming into the house uninvited, confronting the owner of the house, and then there's a risk of violence. What do we do with the residuary clause as to the risk of violence when the burglar is somebody who could be a burglar under California law, someone who has been invited to the party and intends only to steal surreptitiously when nobody's looking in the stamp collection? Is there a risk of violence within the residuary clause? I think that the apple is generic burglary and the orange is California burglary, whether it's attempt or not attempt. And I don't think that we can bootstrap or bring in through the back door an overbroad, including non-risky, overbroad statute under James. I don't think James goes that far, and Begay underlines that by saying they want violent and aggressive conduct when you're comparing it to the four enumerated offenses. And even though in Begay they assume... In fact, under California law, with these two security sale cases, doesn't that really take it out of the residuary clause altogether? You have both Cole and Salem where people were convicted of burglary. They went to someone's house and committed elder care fraud and they sold securities. They weren't licensed to do it. There's no possibility in those cases where violence could have resulted. Doesn't that basically undercut any possibility of the residuary clause picking it up here? Well, I think that's correct. And the analysis in James seems to clearly not fit an analysis of the California statute. Which is what we're dealing with here. Exactly. And Begay also added this purposeful violence additional thing, and we don't have that in California. That's not a requirement. It's not an element of defense. It's not an element in the jury instructions. It's not required under California law. Do you want to save your time for rebuttal? Yes, Your Honor. Thank you. May it please the Court. I'm Mike Rothell on behalf of the United States. Your Honors, in this case there's two independent bases for upholding the district court's ruling. One is the narrowing of the elements of California burglary. The second is the residual clause because this was a plea to first degree burglary. Under either of these routes, the minute order is something the court can look at because it's only used to prove the fact of conviction. But you don't get to the minute order unless the generic elements of burglary are contained in the statute, do you? As to the first argument, yes, there has to be a narrowing of the elements. And make no mistake about Defendant Navarro Lopez's argument on the narrowing of the elements. Under their argument, California burglary can never be narrowed to generic burglary. I don't think anybody's confused on that. Are you conceding that we cannot apply the modified categorical approach and urging that under the categorical approach the enhancement is appropriate? No. The modified categorical approach can be applied to narrow the elements because unlawful entry was charged in the indictment and a portion of the building was charged. I notice you mentioned an indictment and somebody else didn't. I keep looking at an information at 53. Am I looking at the wrong thing? No, I should have called it an information. If you accept Navarro Lopez as the law, would you still maintain there's some way of narrowing the elements? Yes. Instead of accepting Navarro Lopez as. . . How do you get there? First of all, I believe it's required by Taylor, which says that broader burglaries can be narrowed. But here, for example, the element of structure. . . You understand what Navarro Lopez held? Yes. You understand what it's holding is that if the statute is missing an element that's part of the generic definition, it can never be narrowed. Yes. That's what it holds. Yes. I know because I wrote it. Judge Pragerson's name is on the opinion. I meant I wrote Lee, which it's based on. So I know what it holds. So I just want to make sure that you are on the same page. Yes. So given that holding, and again, you might disagree with it, you might think we should reconsider it and all that, but I want to put those questions aside. Accepting that as a given for the purpose of my question, is there any way in which this can be narrowed under Navarro Lopez? Yes. Navarro Lopez said where an element is missing altogether, the conviction cannot be narrowed. So I concede if this were a generic, simple theft offense or a conspiracy or something like that, and it just happened to also meet the elements of burglary, it can't be narrowed. Navarro Lopez was an accessory after the fact, being narrowed to a crime of moral perpetuity. That can't be narrowed because there's no element that matches. Here, the three elements of California burglary match up with generic burglary, and they're simply brought up. There are four elements. If you want to make them three elements, it has to be unlawful. There has to be an entry, and it has to be unlawful. And you want to say, oh, no, unlawful is not an element, but is that your point, that unlawfulness is not an element? No, unlawful is an element. Here, the broader element is an element. An entry is an element. Yes. Okay, so that's two right there. So if entry is an element and unlawful is an element, and there are two more, that's four, not three. That's simple arithmetic. I knew that in first grade. I knew it before first grade. If you add two and two, you get four. Unlawful entry is the element of generic burglary. No, unlawful entry is two elements. Unlawfulness, so, for example, if you go to trial, Mr. Prosecutor, in state court, and you prove entry but forget to prove unlawfulness, you would get an acquittal, a directed acquittal. Yes. Okay, and let's say you proved unlawfulness but no entry. Well, you can do both of them. I mean, he is there, the owner says, yes, but you don't prove entry. Can you still get a conviction? No, you can't. Okay, so you have to prove both. They've got to both be an element if you have to prove both, and the failure to prove either is fatal to the conviction. So we start with unlawful, yes, element? Unlawful entry. My position, Your Honor, is unlawful. Why don't you answer my question? Yes. And then we'll talk about your position. Unlawful, an element? With entry, yes, Your Honor. It cannot be divorced because in the California statute there must be an entry, and there are various types of entries, unprivileged, unlawful, invited entry. And just like the court's reasoning in Taylor where it said that generic, a broader Burley statute can be narrowed where, for example. I'm sorry. You think that it is not possible to be present someplace unlawfully without having an unlawful entry? I mean, what if you walk into a store, make a commotion, make a fool of yourself, and the owner says, okay, you know, you walked through the door as a regular customer, but now that you've made a commotion, I am withdrawing your right to be here, and you must leave. And you say no. And you say no, and they have to call the security guards. Now, you didn't enter unlawfully. You were there unlawfully at one point. Yes. Right? So it's at that point you then start saying, okay, I'm going to leave, and I'm going to steal this pack of cigarettes. That is generic burglary because generic burglary, the element, includes a remaining in. So if you enter lawfully with generic burglary and you stay in past the time you're allowed to, that under the Taylor generic burglary definition is a generic burglary. So. Well, they're separate elements. The point is they're separate elements. You have to either stay in and unlawfulness. I don't think so, Your Honor, just in the sense that whether it's a structure is one element, and the Supreme Court said that if a statute is broader as to structure, if it includes automatic use. So you're making your stand on the idea that unlawful entry is a single element. Yes. That's your. Yes, sir. And that's what this court said in Aguila Montes de Oca in quoting California law. Can I interject and seek a clarification of what unlawful might mean in different contexts? Unlawful entry is charged here in this information, but it's unlawful entry with California law in mind. And unlawful entry in the sense of burglary in California can be an invited entry. When generic burglary talks about unlawful entry, what they mean is unprivileged, uninvited entry. So unlawfulness means quite different things if you're talking California law, which is to say it's unlawful because you're coming in as a burglar, which in California law means you can be invited in and you're going to commit some sort of fraud or you're going to steal the stamps. So unlawful means something quite different if you're talking about unlawful entry in California. Well, Your Honor, in a number of different cases, this court has interpreted unlawful entry in California information the way I'm interpreting it. In Velasco Medina, this court said there can be no dispute that because it says unlawful entry, it means unlawful entry. Those are not after Fry, are they? There's a number of those cases. I don't think you can find anything after Fry that says anything different than what Fletcher said, and we even have our own Rodriguez-Rodriguez citing Fry for the same proposition. Where is the generic element of unlawfulness? I'm having difficulty seeing that. I would appreciate your clarifying it if I'm missing it. My argument is following exactly what this court said in Aguila Montes de Oca, which is there are three elements of California burglary, which include entry and one narrowed form of entry. Because there has to be an entry, one way that one can enter is unlawfully, so thus the element can be narrowed. But you're still avoiding the issue of the generic definition of burglary, which the Supreme Court provided, which includes an element of unlawfulness. You just seem like you're avoiding that whole issue. Even when the Supreme Court writes the element, it wrote the element in Taylor as a whole, as a single element, unlawful entry, not as separate elements. Right, and under Navarro-Lopez, if there is an element of generic, in this case burglary, that is not included, how can we even get to the modified categorical approach if the element is missing? You would say there's half an element missing. I would say there's one element you need. Well, there's half an element. The element, in your view, is unlawful entry, and half of that element, unlawful, is missing here. Well, this element is proven here with the modified categorical approach. Sort of generic, when one is looking at this issue in general, I think following the words of Navarro-Lopez that the modified categorical approach may be used when the particular elements in the crime of conviction are broader than the general crime, that this flows from that, and that is that any other interpretation of that runs ahead in the field. If he goes to trial on this and he wants to introduce evidence saying, look, I walked in, I was invited, would he be allowed to testify to that in California? He says, as a defense, I want to testify on their behalf. I didn't break in. I walked in through this one door because the owner told me to come in. Would that be relevant? It's not. It's not an element. It could be relevant. If under California law the person who invited the burglar in, invited him in and shares the knowledge of the felony, he's inviting him in to commit some crime they're committing together. I'm really not asking you to come up with a hypothetical under which somebody might call it irrelevant. I'm asking you, if the defendant says, look, I want to prove I didn't do it, I'm not guilty, I'm going to do it, I'm going to testify, I was invited in. That's not a defense. Wouldn't the prosecutor object and say irrelevant, Your Honor? And wouldn't most judges say that's right, irrelevant, the evidence will not be admitted? Well, it's not a defense. Usually things like that are allowed to come in because they're defense. Why don't you answer my question? I don't think the prosecutor would object. It's not a defense. Here what happened was I no longer – Well, let's say the prosecutor did object. Then the judge would have to decide whether under Rule 4 – And would there be any basis on which he could find it relevant? It depends what the defendant's theory of defense was. It's possible – I didn't break in. I was invited. The owner told me to come in, and I said, uh-huh, I'm going to go after his stamp collection. Something the court could exclude. Here we had a no-look – So how could you – if it's something the court could exclude, how could it possibly be something that you can say is admitted to when they do a guilty plea? If this is something – if opposing it, if providing testimony against it at trial could be excluded, then why isn't it simply a filigree on the page? Some background fact that has no bearing on any of the elements. Because this – assuming the modified categorical approach can be applied at all in any circumstance, the law has been from this court for about 18 years that a plea to a charging document admits the fact that – Oh, no, no, no, no. You are so mistaken about that. I mean, if in fact the statute says, you know, dwelling includes houseboat, and you plead and you say this is a – and one of the facts is this is a house, not a houseboat or a taxi or a tent, then you have managed to narrow it. Then you have – you can go to the modified categorical approach and say even though the element in the state law includes certain things that are not included by the generic definition, he here admits that this wasn't a houseboat, it wasn't a trailer, it wasn't a taxi cab, it wasn't a lean-to, it wasn't a tent. He admits that it was the resident at 3549 Cottonwood Drive, and, you know, the record shows that that is a family, one-story family dwelling. That you can do. So this does not make the modified categorical approach irrelevant. Well, Your Honor, the argument you just – It's only irrelevant if you're dealing with something that's not relevant. Well, the position you just – I would make the exact same argument that you laid out, that if there's admission that the entry was unlawful, that narrows the entry element, just as an admission that the structure element is narrowed if the defendant admits it's a building. I'm having some trouble with the argument. Frankly, not in terms of the common sense of your argument, but in terms of some problems we have to deal with. I think, but I'm not sure, the following. That you've conceded that generic burglary includes an unlawful entry. One of the elements is that the entry must be unlawful. Yes. And I think you've conceded that under California law, the entry need not be unlawful. It need merely be with the intent to commit a crime inside. Yes, that's right. Now, I think it's pretty clear, though we have some perhaps differences on the panel, and you have a difference with your opposing counsel, that he admitted for purposes of the criminal proceeding, he didn't admit factually, but he stipulated for purposes of his conviction, that his entry was unlawful. Yes, because of no low plea to a charging document. So let's take it that it's good enough for the modified categorical approach. It establishes that his entry was unlawful. However, you've got this language in Navarro-Lopez that says that if the state statute is missing an element of generic burglary, then no matter what the guy admits, we can never find that all the elements of generic burglary were established. That's how I'm interpreting the application of this first full paragraph in the second column on page 1073 in Navarro-Lopez to this case. So it looks like it's established by the record that he committed generic burglary. He unlawfully entered an inhabited dwelling for the purposes of committing a crime inside it. It seems to be established by your argument that the California statute is not a generic burglary statute. It's broader because the entry doesn't have to be unlawful. And if I'm reading this paragraph right, in Navarro-Lopez it's established that even if a guy gives a speech under oath explaining just what he did and it proves that he committed the generic burglary necessary to the enhancement, it still won't do if his crime of conviction isn't generic burglary. That seems kind of syllogistic unless you can show me the way around it to establish the proposition that it can't be enhanced. The way around it, Your Honor, is that Navarro-Lopez affirmatively allows the modified categorical approach when the particular elements in the crime of conviction are broader than the generic crime. That's a quote I just read. That's the first paragraph of that section discussing the modified categorical approach. So my position is that entry can be narrowed to unlawful entry. It's not missing an element altogether. If the court disagrees with my position and believes that unlawful entry is an element that's missing altogether, then I would lose on this Navarro-Lopez argument. Or if the court believes that entry is an element and unlawfulness is another element. Yes. If the court reads it that way, so it's missing the element of unlawful altogether, then I would lose on this argument under Navarro-Lopez. Wait. The first paragraph that you read is about where the modified categorical approach is broader than the generic definition. That means it includes everything in the generic definition plus some other stuff. But the second paragraph says if it's narrower, it includes, it misses an element of the generic definition, then the modified categorical approach won't solve the problem. That's what I'm having trouble with. Sure. I'm arguing that it is the first type of broader in Judge Kosinski's Lee concurrence. And under the terms of Navarro-Lopez, it is a broader element. It is not missing the element of unlawful entry altogether. It has a broader element of entry. And I would analogize that to the resonance element, which can be narrowed if one shows it's not an automobile. And I believe that if this Court differs from me on this view, this Court runs headlong into Taylor, which says that burglary offenses that are broader, and it makes reference to entry elements being broader. It says that burglary elements that can be broader can be narrowed with the modified categorical approach. As the Court knows, burglary offenses, you know, all over the country. I guess now we're talking about what does broader mean and what does narrower mean. Right. In my view, I would concede in Judge Kosinski's other type of broader in the Lee opinion if it's missing an element altogether, such as if this were, if there were an element of more than $10,000. Let's take a simpler one. A state decides to make its murder statute applicable even if the victim isn't dead, so long as the perpetrator views that force likely to cause death. So murder in the state of hypothetical doesn't require a dead person at the end of it. A person pleads guilty to intentionally killing somebody. Can, under the second paragraph in Navarro-Lopez, do you say that that's a broader statute, so it fits under the first paragraph, or do you say it's missing one of the generic traditional elements of murder, death? It sounds to me like that is missing an element altogether. And if this Court does disagree, is inclined to disagree with me on this narrowing argument, I urge the Court to look at the portion of Taylor again where the Supreme Court essentially says that burglary crimes that are broader can be narrowed. Let me ask you again about the definition of lawful as that term is used in the information. Now, I understand that the generic definition of burglary often is expressed in terms of unlawful entry. Unlawful entry in the generic definition means unconsented or unlicensed entry, uninvited entry. Here, when he's pleading to unlawful entry, is he pleading to generic unlawfulness, or is he pleading to unlawfulness under California law? That is to say, it is unlawful under California law if he enters pursuant to an invitation by the owner with an intent, after he enters, to commit a felony. So when he pleads to unlawful entry under California law, is he pleading to generic? I think the answer is no, because he's pleading to unlawfulness under California law. He's not pleading to unlawfulness under Florida law. Well, I mean, my position is that unlawful entry means unlawful entry. Well, I understand that. But now what do you mean by unlawful entry? What I mean is, and this Court agrees with my position in Velasco-Medina, Rodriguez-Rodriguez, Williams and O'Neill. And this is, and we're now sitting on bunk. So what does unlawful entry mean under California law? It means that the entry was unlawful. Would you please quit using unlawful to define unlawful? We have two definitions of unlawful in play here. One is unlawful in the sense that when I come into the house having been invited by the owner, I intend at that time to commit a felony after entry. That's California burglary. Another definition is the generic burglary definition of unlawfulness, which is to say unconsented entry. When you say unlawful, which of those two do you mean? Unconsented entry. And do you say that when he pleads to unlawful entry in the information, he's conceding to unconsented? Or is he conceding to pleading to unlawfulness under California law? Unconsented, Your Honor. Why do you say that? Because it's the natural reading of an information where unlawful modifies it, where it's right next to it. Why is it the natural reading when he pleads unlawfulness to information under California law, and it is unlawful under California law to be an invitee intending later to commit a felony? Because I think one should look at sort of the plain language of the information. So he's pleading to unlawfulness under a law that's not California law? He's pleading to an information can describe facts about the particular offense. Well, I understand that. But when he says unlawful, that's sort of a generic term. And you're telling me he's pleading not unlawfulness to California law, but with reference to some other law? With reference to the entry itself being in violation of law. Okay. Violation of what law? California law, isn't it? Well, my position is that one should read it as this Court has read it repeatedly, which is that unlawful modifies entry and the information is describing what type of entry it was. But you're not really suggesting that the information can trump the statute in terms of our analysis. That gets it backwards. In other words, let's assume he's charged with theft. He agreed that theft is not generic burglary. But in the information, it seems to charge the elements of burglary. Are you really saying that if he admits to burglary in the facts of burglary in his plea and he's only charged with theft, you can count it as a burglary conviction? No, because that – But isn't that really the logical consequence of what you're saying when you say the information contains elements that are different from the California statute? Well, I think that gets to the reason for Navarro-Lopez's holding, that you can't get there from a crime that's missing an element altogether, but you can get there through a narrowing of an element. I mean, Judge Fletcher's question and the other questions on this are actually not on the Navarro-Lopez point about whether the modified categorical approach can apply at all, but on the point that assuming it can apply here, it fails on this particular information. I dispute both points, but I'm just laying out where the differences are. I don't want to lose the opportunity to address the first-degree point. Here, the minute order established that defendant pled to first-degree burglary, which in our view satisfies the residual clause because it prevents a serious potential – it is a crime involving a serious potential risk of physical injury. But you still have to get back to the generic charge, and that's what the Supreme Court did in Taylor, and we've already talked about the fact that you have at least two cases in California, Cole and Simeon or however you say it, where someone went into an elderly person's home, was not licensed to sell securities, sold the securities, and were charged with burglary, first-degree burglary. Based on the California statute, that can't possibly meet the Taylor requirement, can it? But it's not Taylor anymore, Your Honor. It's now James on the residual clause. Take James then. The fact is you looked at the California statute. That's what he was charged under, that's what Judge Fischer's been talking about. He pled under California law, and under Navarro-Lopez, under James, under Taylor, we looked to whether the California statute on its face complies with all the generic elements of burglary, which the Supreme Court has stated, which includes an unlawful or unprivileged entry. And the fact is that you've got Fry, you've got these two security cases, among others, that seem to make it clear, which I thought you conceded previously, that California's law does not meet the categorical requirements. You have to get to a modified categorical analysis or you lose. Did I misunderstand your position? You have to get to a modified categorical approach, but one way you get there, as Navarro-Lopez stated, is if the statute is divisible into separate crimes and one of those crimes satisfies the... Okay, but you were starting to go into the residual and talking about the possibility of violence. How is there a possibility of violence when somebody comes into an elderly person's home and doesn't have a securities license and sells them an annuity? Because James, which dealt with attempted burglary under Florida law, was very clear about there are many types of attempted burglary. For example, an attempted burglary of an abandoned... Okay, this is an attempt that there's an actual charge of finding a burglary in this case. But the question now under James and Begay is not whether every particular application of the elements itself is a serious potential risk of burglary. The question is, in James's words, in the ordinary case, whether it's a serious potential risk of physical injury. And this is California first-degree burglary. But in James, the Florida statute posited unconsented entry. And the example the court gave of risk was confrontation because it was an unconsented entry. But we've got a statute that doesn't require that, so we've got a situation such as just described by Judge Smith where I have great trouble seeing why there's a serious risk of violence. Well, the analogy is to generic burglary. And generic burglary includes which is, you know, burglary, arson, extortion, or otherwise presents a serious potential risk. The Supreme Court's analysis in James and Begay has one look to generic burglary and see what is the type of potential risk from generic burglary. There are all sorts of... But the statute doesn't satisfy generic burglary. But there are all sorts of types of generic burglary that involves a burglary of a commercial business in the middle of the night, burglary of an abandoned shack. And those don't present a serious potential risk of injury in and of themselves. But all of the examples of generic, all of the examples of possible burglary under Florida law were unconsented entry. And here, some of the examples of burglary are consented entry, and we therefore have a different statute. Here, cutting for a factor that makes it less of a potential risk than generic requirement, but a factor that makes it more of a potential risk, is the residence requirement. The test in Begay is ultimately whether there is a, whether it's roughly similar in kind as well as degree to burglary. And because of those factors cutting both ways, our position is that California first degree burglary, residential burglary, is roughly similar in kind and in degree to generic burglary. And that's why it qualifies. So there may be cases where a particular instance of California first degree burglary doesn't itself present a serious potential risk. There are cases of generic burglary that do not by themselves present a serious potential risk. This would be the case where you're invited in and decide to steal a stamp collection and the owner says, well, I also have a gun collection. Is that the scenario you have in mind? By far, I mean. They start struggling over the. One can't be blind to the fact that. I'm asking what exactly you have in mind there. Far and away, California burglars, one just looks at the cases. They are unconsented entries. One has to really hunt to find these consented entry cases. And back when Becker was deciding, when this court held that California first degree burglary satisfied the residual clause back then, this court said it couldn't even. You talk a lot, but you don't answer questions. I'm sorry. It's not quite so helpful to just talk. I ask a specific question. I'm sorry. If you don't want to answer, you've got 23 seconds to go. So you don't have to. You can run your time. There are cases even of consented entries that present a serious potential risk of violence because there is a face-to-face confrontation here. If I just may conclude, the reason, if the court goes with the defense arguments here, the problem is, the overall broadest problem here is that in a generic burglary case. But you don't have to. I mean, you could be the pool man. You're there, allowed to come in once a week to clean the pool. And while you're there, you decide to lift the gnomes from the lawn because they're sort of valuable gnomes. And you put them in your truck and leave. If you're invited in, no possibility of confrontation because everybody is away from the house, right? Perhaps true. With generic burglary, one can use a stolen ATM card, go to a bank lobby in the middle of the night and withdraw money. That's a generic burglary, even though there's no one around. You've entered a commercial premises. So the question isn't whether in a particular case one can hypothesize a situation. The question, of course, is whether in general, in what James says, the ordinary case, there's a serious potential risk of physical injury. Here, the problem, overall problem, if the court goes with defense arguments, would be that in a generic burglary state such as, say, New Mexico, every burglary counts as a career offender predicate. Here, very few or perhaps no burglaries would count, even if they are, in fact, generic burglaries, even if the defendant came into court and simply pled no low contendery to the indictment and there's no factual basis, which is not even, you know, a factual basis is not even required under California law. Taylor meant to... You've got a lot of people who have moved to California, right? Perhaps. But, you know, Taylor meant to eliminate the differences between the states as much as possible. Paul, in our position, generally does so. Thank you. Thank you. I think Shepard essentially rejected the argument that the government has just finished making, and I won't belabor that, and I just wanted to know if Judge Reimer had a question. Good. Counsel? Thank you. Oh, I'm sorry. I have a question, though. Yes. There's been a lot of discussion of the generic burglary definition of unprivileged entry, but we haven't really discussed very much the other piece of what Taylor said, which is the unlawful or unprivileged remaining in, which also counts as generic burglary. And I'm wondering, in the situation where there's a consent entry, once the person is there, and when does that entry become unprivileged or unconsented? You know, to go back to the example, once the person sneaks off to look for the stamp collection, why isn't the entry at that point, even though the entry was permitted, why wouldn't the remaining in become unconsented or unprivileged? Because nobody's going to invite somebody in to steal their stamp collection or their gun collection. So I'm interested in your view on how the unprivileged remaining works under Taylor. I have no idea, Your Honor. I must confess I prepared for everything, except I did not prepare for that question. But I would think that it matters what the statute requires. I mean, we need to keep going back at least to California's statute. Well, I am. But your prime example under California law as to why this is not a generic burglary is that the initial entry can be privileged or consented to, and therefore all bets are off. That's as I understand your argument. But Taylor talked about two things. It talked about unprivileged entry, and it also talked about unprivileged remaining. And so what I'm wondering is why under California law, even if the entry is privileged, why the fact that you're remaining with the intent of stealing somebody blind doesn't become an unprivileged remaining. And maybe there's a good answer to that, but that's what I'm struggling with. I guess I'm going back to the Chief Judge's example of, you know, once the security guard has come to escort you out, that that could look like something that now you're unlawfully there. That's a question. What you're saying is you don't know the answer under California law. It could be that your change of attitude changes your status, or for all we know under California law, there has to be an actual verbal drawing of consent, and your failure to leave once you're told, okay, at this point you're no longer welcome. And you don't know the answer. I don't know the answer. Solemn was decided in 1902. It is such a pleasure to get counsel to admit when they don't know an answer to a question. Counsel, I have a question. The way this case was originally briefed was about whether we could look at the information and the document that California uses to say what happened as a way of applying the generic approach. And then we sent out an order asking you to brief this other issue. Footnote four of your supplemental response says, Mr. Snellenberger has not previously challenged the application of the career offender guideline to his case on the missing element basis. This court need not reach this newly raised issue. Does that mean that the defendant has waived the argument that we have put before you to debate about the second paragraph of that section of Navarro-Lopez, and we may decide this case merely on whether the modified categorical approach embraces the two documents? I think the court can do whatever it chooses to do to answer both the question of whether Mr. Snellenberger Well, would our standard of review be for plain error? That's a very good question, Your Honor, and I did not find an answer to that either. I did find an answer to the question of whether this court could broaden the issues, and clearly it can. Well, I guess we're an 800-pound gorilla. Yes. But it strikes me that this is just Alice in Wonderland. I can say, Your Honor, the government was invited to respond, and I responded, and I think this court now has multiple issues that I certainly did not initially raise, but which are very important to litigants. Well, if our review is for plain error, then how would you analyze it? Well, I guess I'd first say I don't think it's for plain error necessarily, because we did challenge in the lower court, we did challenge the applicability of the career offender guideline to Mr. Snellenberger. So depending on how we sort of On what ground? I believe that what Ms. E. Munoz, who was trial counsel, said was that she thought that it was an overbroad statute, and therefore the minute order wasn't sufficient. And it sort of was left at that. There was not a lot of development, and so I think that there is room for discussion on whether that sort of preserves any issues in this court as to whether it applies or not. We haven't moved beyond application of the career offender. We haven't gone out to some other part of the sentencing. But if it is on plain error, then I think that the fact that we have Sixth Amendment concerns with using a minute order that is not unequivocal might meet the plain error standards. I don't have a better answer than that, Your Honor. But I do think that we do have the kind of thing where we're talking about someone's constitutional right under the Sixth Amendment. And we should be concerned if we are going to find him to be a career offender. And I don't think that under any of the three reasons that I set forth originally, we can do that. And whether it's on the issue that the court has now expressed interest in or on the original issue raised in the original appeal in this case, I think Mr. Snellenberger's sentence should be reversed. If we follow the logic of your argument, particularly with the supplemental brief, it appears that we really couldn't allow for any enhancement of sentences under basic sentencing rules or even an immigration law under a California statute because generically it perhaps doesn't make it. Who has the burden to fix that? Is that our burden? Is that a burden of Congress? Is that a burden of the California legislature? In other words, if that's where the logic leads us, what's the answer to it? Can it be that no one who's been convicted under 459 could ever have an enhanced sentence? Is that what it means? Well, I think that one of the things that Shepard pointed out was that, you know, Taylor had stood unchanged. I mean, the resultant Taylor stood unchanged by Congress for all that time, so they must not mind our interpretation. I think that the clear interpretation in this case does mean if Navarro-Lopez applies, California burglary categorically cannot be used ever. And then it's certainly not this court's burden to worry about that. That goes back to either the California legislature, if they want to worry about it, or to Congress. If they now want to say, okay, we waited all these years. Now we're going to tell you what we think about your analysis and Taylor. But you do agree that Navarro-Lopez, under your logic, 459 just doesn't make it. We never get to the modified categorical analysis, and that's the end of it. That's correct, Your Honor. Are there no further questions? Okay, thank you. If you have any questions, I'll use the chance for a minute. We are adjourned.
judges: Kozinski, Reinhardt , Rymer, Kleinfeld , Hawkins , Thomas , Graber , Fletcher , Gould , D. Smit